## E. M. Briggs v. The State.

1. Aggravated Assault — Evidence. — In a trial for an aggravated assault with a knife, the court below excluded proof offered by the defence to show that the assaulted party had a pistol. *Held*, correct, inasmuch as there was no evidence that the assaulted party attempted to use a pistol, or did any thing indicative of a purpose to do so.

2. Practice. — When a jury is waived, the court below is charged with the duty of weighing the evidence and finding the facts, as well as determining the law thereon.

3. Deadly Weapon — Evidence. — The locality and character of wounds is competent evidence for the State, in a trial for aggravated assault, to prove that the instrument with which they were inflicted was, as used, a deadly weapon, — that is, a weapon likely to produce death or to inflict great bodily harm.

4. Same. — No witness affirmed that the knife used was a deadly weapon, but it was proved to have a blade three inches long, and that the assaulted party was stabbed with it near his backbone. *Held*, competent and sufficient evidence that it was a deadly weapon, and used as such.

Appeal from the County Court of Ellis. Tried below before the Hon. J. D. Templeton, County Judge.

The information charged that the appellant, in Ellis County, on the 15th of August, 1877, cut, struck, and stabbed G. A. Schuster with a knife, — a deadly weapon.

The witnesses for both sides proved that the defendant and Schuster quarrelled, in a saloon, about an account which the former claimed against the latter, and that a personal collision ensued between them, in which the defendant cut Schuster in the back with a knife. The witnesses differed, however, as to which was the assaulting party. Several of those for the State testified that the defendant assaulted Schuster, and two for the defence stated that Schuster, who was the larger man by forty or more pounds, made the first assault on the defendant. None, however, pretended that Schuster used, or attempted to use, a pistol or other weapon. The knife used by the defendant was proved to have a blade some three or three and a half inches long.

Dr. Atkinson, for the State, testified that he examined Schuster's wounds, and found them to be two cuts on the left of the spinal column. The blade seemed to have cut from the spinal column. They seemed to be serious, but he did not probe them, and their gravity " was only guess-work with him." In the motion for a new trial, the defence complained of this last statement of the witness, but it does not appear that any objection was taken to it when elicited.

The defence proposed to prove that Schuster was armed with a pistol when the fight occurred. This was excluded by the court, and exception was reserved by the defence.

A jury having been waived, the court found the defendant guilty of an aggravated assault, and adjudged him to pay a fine of $100. A motion for a new trial was made and overruled.

No brief for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

ECTOR, P. J. The information in this case charges that defendant committed an aggravated assault and battery upon G. A. Schuster, by cutting, striking, and stabbing him with a knife, stated in the information to be a deadly weapon. A jury was waived, and the cause submitted to the court. The court convicted the defendant of an aggravated assault and battery, and fined him $100.

On the trial of the cause, the defendant proposed to prove, by the witness Baumgartner, that Schuster was armed with a pistol at the time of the difficulty between him and the defendant; which evidence, being objected to, the court excluded, and to which ruling the defendant took a bill of exceptions. There is no testimony in the transcript before us tending to show that Schuster attempted to use a pistol in the difficulty, or that Schuster said or did any thing from which it reasonably appeared that it was

his purpose or intention to draw or use a pistol upon the defendant. The court below, therefore, properly excluded this testimony. There was some conflict in the evidence. It was the appropriate province of the court to weigh the evidence and pass upon the law and the facts, a jury having been waived.

The objection of the defendant to the evidence of Dr. Atkinson came too late. We believe, however, that it was competent for the State to prove by Dr. Atkinson the locality and extent of the wounds inflicted by the defendant, with a knife, on the body of Schuster, to aid the court (there being no jury in the case) in determining whether the knife, in the manner in which it was used by defendant, was a deadly weapon.

One of the grounds set out in defendant's motion for new trial is, because "there is no evidence that defendant used a deadly weapon, no witness proving that the knife used was a deadly weapon; and that there was no evidence that it was used with intent to take the life of Schuster, or to do him any serious bodily injury." A deadly weapon is one likely to produce death, or great bodily harm. 2 Bishop's Cr. Law, 335; *Kouns* v. *The State*, 3 Texas Ct. App. 13.

The prosecution proved that the blade of the knife with which the defendant cut Schuster was from three to three and a half inches long, and that the wounds inflicted with it by defendant were on the back of Schuster, on the left side of the spinal column. And while none of the witnesses did say that the knife used by defendant was a deadly weapon, they stated facts which show that it was such an instrument, and was used by the defendant with the intent to take the life of Schuster, or to do him serious bodily injury. The judgment is fully sustained by the law and the evidence.

The judgment of the County Court is affirmed.

*Affirmed.*